IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SARA L.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,[2]

    Defendant.

Civ. No. 3:17-cv-01700-AA
**OPINION & ORDER**

AIKEN, District Judge:

Plaintiff Sara L. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act. For the reasons set forth below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

[2] Nancy A. Berryhill's term as the Acting Commissioner of the Social Security Administration ended on November 17, 2017, and a new Commissioner has not been appointed. The official title of the head of the Social Security Administration is the "Commissioner of Social Security[.]" 42 U.S.C. § 902(a)(1). A "public officer who sues or is sued in an official capacity may be designated by official title rather than by name[.]" Fed. R. Civ. P. 17(d). I therefore refer to defendant only as Commissioner of Social Security.

Page 1 – OPINION & ORDER

## BACKGROUND

Plaintiff filed an application for SSI on September 19, 2013. She alleged disability beginning January 1, 2010. Her application was denied initially and upon review. Plaintiff appeared before an Administrative Law Judge ("ALJ") at a hearing held February 22, 2016. On May 4, 2016, the ALJ issued a decision finding Plaintiff not disabled. On August 21, 2017, the Appeals Council declined plaintiff's request for review, making the ALJ decision the final decision of the Commissioner. The present appeal followed.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and quotation marks omitted). The court must weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also* 20 C.F.R. § 404.1520(a)(4); *id.* § 416.920(a)(4). At step one, the ALJ found that although plaintiff had engaged in "substantial gainful activity" ("SGA") for portions of 2014, there had been a "continuous 12-month period during which [plaintiff] did not engage in SGA." Tr. 22–23; *see also* 20 C.F.R. § 404.1520(a)(4)(i), (b); *id.* § 416.920(a)(4)(i), (b). At step two, the ALJ found plaintiff suffers from "affective disorder, which is characterized as bipolar disorder, and depressive disorder and anxiety disorder[.]" Tr. 23; *see also* 20 C.F.R. § 404.1520(a)(4)(ii), (c); *id.* § 416.920(a)(4)(ii), (c).

At step three, the ALJ determined plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. Tr. 23; *see also* 20 C.F.R. § 404.1520(a)(4)(iii), (d); *id.* § 416.920(a)(4)(iii), (d). As relevant in this appeal regarding plaintiff's mental disorders, the ALJ found that the "evidence did not . . . suggest that a slight increase in mental demands or change in environment would probably result in decompensation."[3] Tr. 24.

The ALJ then found plaintiff retained the residual functional capacity ("RFC") to:

---

[3] Effective January 17, 2017, the Commissioner made substantial revisions to the listings for evaluating mental disorders. 81 Fed. Reg. 66138 (Sept. 26, 2016). Those revisions do not apply in this appeal because "[f]ederal courts . . . review [the] final decisions [of the Commissioner] using the rules that were in effect" at the time the decision under review was issued. *Id.* at 66138 n.1; *see also Tammy J. v. Comm'r of Soc. Sec.*, 2018 WL 3814295, at *2 n.3 (D. Or. Aug. 10, 2018).

> perform a full range of work at all exertional levels but with the
> following non-exertional limitations: [Plaintiff] is capable of
> understanding, remembering and carrying out simple, repetitive
> tasks involving no more than occasional contact with the public and
> coworkers. [She] is limited to simple work-related decisions. [She]
> is limited to occasional interaction with coworkers, supervisors, and
> the public.

Tr. 25; *see also* 20 C.F.R. § 404.1520(e); *id.* § 416.920(e).

At step four, the ALJ concluded plaintiff had no past relevant work. Tr. 29; *see also* 20 C.F.R. § 404.1520(a)(4)(iv), (f); *id.* § 416.920(a)(4)(iv). At step five, the ALJ found plaintiff could perform the jobs of janitor, cook's helper, or warehouse worker. Tr. 30; *see also* 20 C.F.R. § 404.1520(a)(4)(v), (g)(1); *id.* § 416.920(a)(4)(v), (g)(1). Accordingly, the ALJ found plaintiff not disabled and denied her application. *Id.*

## DISCUSSION

The scope of this appeal is narrow. Plaintiff raises a single issue: she contends the ALJ erred by not discussing a portion of the medical opinion of by Keli J. Dean, Psy. D., that mirrored the language of Listing 12.04.C. in place at the time of the decision. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (effective Aug. 12, 2015 to May 23, 2016).

*I.   Listing 12.04.C.2.*

Dr. Dean conducted a two-day examination of plaintiff and opined on a host of functional limitations as well as plaintiff's propensity to decompensate in stressful environments.[4] The ALJ assigned the opinion "great weight" because it was consistent with the RFC the ALJ had constructed, well-supported by the record as a whole, and Dr. Dean had the opportunity to examine plaintiff and supported her opinion with diagnostic testing. Tr. 28.

---

[4] Plaintiff participated in testing over the course of "two separate sessions due to a personal emergency with her son, which resulted in her leaving early from her first appointment." Tr. 582. Consequently, the results of several objective tests were spoiled. Tr. 586.

Page 4 – OPINION & ORDER

Plaintiff's principal issue with the ALJ's decision stems from Dr. Dean checking a box indicating "Yes" to the following question:

> Is the client demonstrating a residual disease that has resulted in such marginal adjustment that even a *minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate*?

Tr. 600 (emphasis added). That question mirrored (1) the language used in Listing 12.04.C.[5] for affective disorders in place at the time of the ALJ's decision, *see* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.04.C.2., and (2) the language in the ALJ's decision where she evaluated whether plaintiff met a listing at step three:

> The evidence did not show a need for a highly supportive living arraignment or suggest that a *slight increase in mental demands or change in environment would probably result in decompensation.*

Tr. 24 (emphasis added). Essentially, plaintiff argues the ALJ's failure to comment at all on Dr. Dean's conclusion that a slight increase in mental demands or change in environment would probably result in plaintiff's decompensation was an implicit rejection of the opinion and constituted error.

---

[5] As relevant to this appeal, the required level of severity for Listing 12.04.C. was satisfied when a claimant had:

> [A] medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and . . . [a] *residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate*[.]

20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.04.C. (effective Aug. 12, 2015 to May 23, 2016) (emphasis added).

Page 5 – OPINION & ORDER

At step three, an ALJ must consider the relevant evidence to determine whether a claimant's impairment or combination thereof meet or equal one of the specified impairments set forth in the listings. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001); *see also* 20 C.F.R. §§ 404.1520(a)(4) (iii), 416.920(a)(4)(iii). The Ninth Circuit has recognized that an ALJ need not make formal "findings" at step three, so long as the relevant evidence is discussed in the ALJ's decision. *See Lewis*, 236 F.3d at 513. Boilerplate language, however, "is insufficient to support a conclusion that a claimant's impairment does not [meet or equal a listing]." *Id.* at 512; *see also, e.g., Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) (noting that the ALJ's unexplained finding at step three constituted reversible error).

Despite the ALJ's failure to comment on Dr. Dean's conclusion, the Commissioner nevertheless contends the ALJ reasonably evaluated the doctor's opinion. The Commissioner argues that plaintiff simply disagrees with the ALJ's evaluation of the medical evidence—specifically the weight given to Dr. Dean's opinion—and offers three rationales in support of that contention.

First, the Commissioner asserts the ALJ provided sufficient reasons for the weight given to Dr. Dean's opinion and cites medical evidence that supports the ALJ's finding that the opinion was entitled to great weight. The argument is misplaced, however, because plaintiff challenges neither the "great weight" the ALJ assigned to Dr. Dean's opinion nor the underlying reasons the ALJ relied on for that finding. Rather, plaintiff assigns error to the ALJ's total failure to discuss the portion of Dr. Dean's opinion that would support a finding she met a listing. Thus, the Commissioner's argument is not responsive to the ALJ's failure to comment on the relevant portion of Dr. Dean's opinion. *See Lewis*, 236 F.3d at 513 (at step three, an ALJ must "discuss and evaluate the evidence that supports his or her conclusion") (citing *Marcia*, 900 F.2d at 176).

Second, the Commissioner asserts the ALJ accommodated for Dr. Dean's opined limitations by finding plaintiff was capable of occasional social interactions and limiting plaintiff to simple, routine tasks as well as simple work-related decisions. The Commissioner, however, does not articulate any argument as to how those limitations account for Dr. Dean's conclusion that a slight increase in plaintiff's mental demands or change in her environment would likely result in her decompensation beyond.[6] The Court declines to manufacture an argument in support of the Commissioner's position.

Finally, the Commissioner argues that a "plain reading" of Dr. Dean's opinion contradicts plaintiff's contention that the ALJ erred in failing to address the doctor's opinion. The Commissioner essentially contends that Dr. Dean's opinion was consistent with the ability to engage in work activities and therefore the doctor could not have "meant to state that [plaintiff's] symptoms were so severe that her impairments met or equaled a listing[.]" Def.'s Br. 5. This contention lacks merit. An ALJ has an affirmative duty to comment on all relevant evidence at step three and a medical professional's opinion that a claimant's impairments satisfy the requirements of a listing is undoubtedly relevant evidence. *See Lewis*, 236 F.3d at 512 ("An ALJ *must evaluate the relevant evidence* before concluding that a claimant's impairments do not meet or equal a listed impairment.") (emphasis added). The Court declines the Commissioner's invitation to excuse the ALJ's total failure to discuss relevant portions of Dr. Dean's opinion especially considering that Dr. Dean's opinion was the only opinion the ALJ saw fit to assign great

---

[6] Moreover, the ALJ could not have "accommodated" an opinion that plaintiff met a listing into her RFC. The ALJ was required to explicitly reject that portion of Dr. Dean's opinion—and provide a legally permissible rationale for doing so—because "the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).

Page 7 – OPINION & ORDER

weight. *Compare* Tr. 28 (assigning Dr. Dean "great weight") *with* Tr. 28–29 (assigning Dr. Ryan "partial weight") *and* Tr. 29 (assigning counselor Carent "little weight").

As such, the ALJ was required to discuss all relevant portions of Dr. Dean's opinion and was not free to accept portions of the opinion that supported her ultimate conclusion while ignoring others. *See Lewis*, 236 F.3d at 512. On this record, the Court concludes that the ALJ harmfully erred at step three and this case must be remanded. *See Marcia,* 900 F.2d at 176 (remanding an ALJ's insufficient step three finding).

*II.    Remand*

In Social Security cases, the Ninth Circuit applies the three-step "credit-as-true" doctrine to determine whether remand should be for further proceedings or for an immediate award of benefits.[7] At step one, the reviewing court must determine whether the ALJ committed a harmful legal error. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015), *as amended* (Feb. 5, 2016). At step two, the court reviews the record "as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and quotation marks omitted). If the record is fully developed, the court proceeds to step three and considers "whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true." *Dominguez*, 808 F.3d at 407 (citations omitted). If the ALJ would be required to make such a finding, the court has discretion to remand for an immediate award of benefits. *Id.* Even when all three steps are satisfied, however, the court may remand for further proceedings if the record as a whole

---

[7] Notably, plaintiff does not discuss the credit-as-true doctrine; nor does she articulate any argument that she meets the requisite standards. Nevertheless, the doctrine is "settled" law that is binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014).

"creates serious doubt as to whether a claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 408 (citation and internal quotation marks omitted).

At the first step, I find the ALJ harmfully erred in failing to consider Dr. Dean's conclusion regarding Listing 12.04.C. At the second step, however, I find the record is not fully developed or free from conflicts and ambiguities. For example, Dr. Dean's conclusion that plaintiff was likely to decompensate with an increase in mental demands or environmental changes conflicts with the modest limitations he opined in her mental residual functional capacity report.[8] *See, e.g.,* Tr. 601 (finding no significant limitation in two of three "Understanding and Memory" functional categories); Tr. 601 (finding no significant limitation in three of four "Adaptation" functional categories); *Id.* (finding no significant limitation in four of five "Social Interaction" functional categories). Moreover, Dr. Dean's conclusion directly conflicts with the opinions of state agency consultants Joshua Boyd, Psy.D., and Bill Hennings, Ph.D. regarding Listing 12.04. Tr. 62–63; 74–75; *see also Cagle v. Berryhill,* 2018 WL 1937064, at *6 (D. Or. Apr. 23, 2018) (reversing and remanding for further proceedings based, *inter alia,* "on substantial tension with the opinions of the reviewing agency physicians"). Because I find there remain conflicts and ambiguities in the record a remand for further proceedings is the appropriate remedy. *See Dominguez,* 808 F.3d at 407; *see also Treichler v. Commissioner of Social Sec. Admin.,* 775 F.3d 1090, 1104 (9th Cir. 2014).

///

///

---

[8] The Court notes that the report appears on two non-sequential pages in the administrative record. *See* Tr. 601 (page one) and Tr. 597 (page two).

On remand, the ALJ shall: (1) order a mental health examination to determine the extent of plaintiff's mental health limitations, specifically as they related to the mental disorder listings; and (2) conduct any additional proceedings as required.

## CONCLUSION

The Commissioner's decision is REVERSED and REMANDED for further proceedings, consistent with this opinion. Accordingly, this action is dismissed

IT IS SO ORDERED

DATED this 8th day of January, 2019.

ANN AIKEN
United States District Judge